UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 4:94-12(1)(DSD)

United States of America,

   Plaintiff,

v.                 **ORDER**

Samuel Haywood Myles,

   Defendant.

   This matter is before the court upon the motion by defendant Samuel Haywood Myles for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2). After a review of the file, record and proceedings herein, and for the following reasons, the court grants the motion.

**BACKGROUND**

   On April 8, 1994, a jury convicted Myles of aiding and abetting possession with intent to distribute cocaine base, using minors in drug trafficking, conspiracy to distribute and possess with intent to distribute cocaine base (crack cocaine) and being a felon in possession of a firearm, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), 841(b)(1)(B), 846 and 861(a)(1) and 18 U.S.C. § 922(g)(1). The court sentenced Myles on August 23, 1994, to a term of imprisonment of 780 months, followed by ten years of supervised release. The Eighth Circuit affirmed the conviction and sentence. United States v. Myles, 65 F.3d 173, 173 (8th Cir. 1995) (per curiam).

On September 9, 2009, Myles moved for a reduction in sentence pursuant to Amendment 706 to the United States Sentencing Guidelines. The court determined that Myles was accountable for 150 to 500 grams of crack cocaine and calculated his amended Guidelines range for the drug-trafficking offence at 324 to 405 months. The court reduced Myles's sentence to 405 months. See ECF No. 250. The Eighth Circuit affirmed. See ECF No. 253.

On May 1, 2012, defendant moved for a reduction in his total sentence pursuant to 18 U.S.C. § 3582(c) and Amendment 750. The government filed a memorandum in opposition on July 12, 2012.

## DISCUSSION

The court may modify a term of imprisonment when the Sentencing Commission subsequently lowers a sentencing range. 18 U.S.C. § 3582(c). On November 1, 2011, the Sentencing Commission promulgated Amendment 750, which retroactively reduces the base offense level for many offenses involving crack cocaine. See U.S. Sentencing Commission Guidelines Manual §§ 1B1.10(c); 2D1.1(c) (2011); id. app. C, amend. 750, pt. A.

In considering a reduced sentence, the court first determines the Guidelines range that would have applied if the relevant amendment had been in force at the time of the original sentencing. See id. § 1.10(b)(1); United States v. Hasan, 245 F.3d 682, 684–85 (8th Cir. 2001) (en banc) (citation omitted). The court then

2

determines whether and to what extent to reduce a defendant's sentence. See Hasan, 245 F.3d at 685. In making this latter determination, a court must consider the factors set forth in § 3553(a) and public safety considerations and may consider a defendant's post-sentencing conduct. See 18 U.S.C. § 3582(c); U.S. Sentencing Commission Guidelines Manual § 1B1.10 cmt. n.1(B). "[A] new lesser sentence is not to be automatically awarded." Hasan, 245 F.3d at 685.

Myles argues that he is eligible for a reduction under Part A. At sentencing, the court found Myles accountable for 194.9 grams of crack cocaine. If Myles were sentenced under the amended Guidelines, such a finding would result in an amended Guidelines range of 210 to 262 months.[1]

Step two of the analysis requires the court "to decide whether to give the defendant the benefit of that particular reduced sentence (as determined in step one of the analysis)." Hasan, 245 F.3d at 685. A "court retains the discretion to determine whether to resentence the defendant within the new lower range." Id. In making this discretionary determination, the court "considers the facts before it at the time of the resentencing, in light of the factors set forth in 18 U.S.C. § 3553(a), to the extent they are applicable, and it may thus reduce the original sentence to the

---

[1] This amended Guidelines range considers Myles's eight levels of enhancements and a Category II criminal history.

point determined in step one as long as the reduction is consistent with applicable policy statements of the Sentencing Commission." Id.

In the present case, the court determines that a sentence reduction to 327 months is warranted.  Accord United States v. Chambliss, 398 F. App'x 142, 144 (6th Cir. 2010) ("Nothing in § 1B1.10 prevents sentencing courts from reducing a defendant's sentence to a term greater than the amended guideline range but lower than the original sentence.").  A consideration of the § 3553(a) factors and the circumstances surrounding Myles's arrest, particularly the use of minors in drug trafficking and the high-speed chase prior to his apprehension, do not warrant reduction to the amended Guidelines range.  A sentence of 327 months is just and fair under the totality of the circumstances.

## CONCLUSION

Accordingly, based on the above, **IT IS HEREBY ORDERED** that the motion for sentence reduction pursuant to 18 U.S.C. § 3582(c) [ECF No. 257] is granted, and defendant is sentenced to a total of 327 months imprisonment.  All other provisions of the original sentence imposed shall remain in effect.

Dated:  August 13, 2012

s/David S. Doty
David S. Doty, Judge
United States District Court